D. E. ROACH v. THE STATE.

No. 5250. Decided January 22, 1919.

**1.—Murder—Charge of Court—Requested Charges.**

Where the requested charges were embodied in the main charge there was no error in refusing them.

**2.—Same—Argument of Counsel.**

Where the argument of State's counsel did not show any abuse of the privilege of argument, there was no reversible error.

**3.—Same—Charge of Court—Requested Charges.**

Where the requested charge did not accurately present the defendant's theory and was calculated to interpolate matters that did not arise from the evidence it was correctly refused; the court having correctly submitted in his main charge the issues raised by the evidence.

**4.—Same—Evidence—Bills of Exception.**

Where, upon trial of murder, defendant complained of the refusal of the court to allow him to introduce testimony showing that the relations between

him and his wife appeared pleasant, and the bills of exception did not show that the exclusion of this testimony under the circumstances was error, there was no reversible error.

**5.—Same—Bills of Exception—Filing.**

Bills of exception must be filed by the district clerk or they will be stricken out on motion by the State.

Appeal from the District Court of Upshur.   Tried below before the Hon. J. R. Warren.

Appeal from a conviction of murder; penalty, forty years imprisonment in the penitentiary.

The opinion states the caes.

*Briggs & Florence,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for murder and punishment fixed at confinement in the penitentiary for a period of forty years.

The evidence discloses that appellant, a young man about twenty-one years of age, had separated from his wife, to whom he had been married about five months. His wife was living at the home of deceased, Garner. Appellant, before the separation, had, according to the evidence, entered a plea of guilty upon a charge of whipping his wife. He. was desirous of a reconciliation with her, and on the evening before the homicide next morning had gone to the residence of the deceased and requested him to hand the photograph of appellant to his wife; that deceased had declined to do so and appellant claims to have been under the impression, from the conduct of deceased in this respect and some others, that the deceased's intentions towards the appellant's wife was not good.

On the occasion of the homicide the appellant had been hired to work on the farm of a man whose place adjoined that of Garner's, the deceased, and on the morning after he was employed he went to Garner's field, where the latter and several women, including the appellant's wife and a young man, were at work. He claims that his purpose was to talk with his wife and if possible bring about a reconciliation; and that when he spoke to his wife the deceased made a demonstration, attempting to draw his pistol, which he had in his hip pocket wrapped in a handkerchief, and that believing his life in danger from this demonstration, he fired and killed deceased, shooting a number of times.

The State's theory was that while deceased was armed with his pistol that he made no demonstration prior to the shooting, and that appellant's act in shooting him was entirely unprovoked.

The court submitted to the jury the issues of murder, manslaughter and self-defense embodying the principles of both real and apparent danger in a manner to which we think no substantial objection could

be made and to which no objection was made. The appellant, however, requested some special charges touching the issue of apparent danger, the refusal of which we think, in view of the fact that the matter embodied therein was sufficiently covered in the main charge, was not erroneous.

There are some complaints made of the language used by the district attorney in his argument, which complaints, as presented, in our opinion, present no error authorizing a reversal of the case. Nothing is embodied in the bills showing an abuse of the privilege of argument. One of the special charges requested and refused sought an application of the evidence to appellant's theory that the deceased was instrumental in preventing a reconciliation between the appellant and his wife. We think the court was not in error in refusing the charge for the reason it did not accurately present the appellant's theory and was calculated to interpolate matters that did not arise from the evidence. The appellant's theory and testimony was that immediately upon his arriving at the place of the homicide that he said good morning; that his wife said: "Well, how come you way over here?" to which he replied: "I came over to talk to you for a while, if possible; if not perhaps to talk to the whole crowd, to you all." He testified: "When I said that deceased was standing leaning on his hoe handle. Just as my wife spoke he removed his hand from the hoe handle and then before I said my last word he started to his pocket, his right hip pocket, and drew out his gun."

The court in his main charge on the issues of manslaughter and self-defense, gave the appellant the full benefit of the issues of fact growing out of his testimony, and his was the only testimony raising the issues. The charge, the refusal of which is in question, after telling the jury that appellant had a right to seek a conversation with his wife, says: "And while he was pursuing said investigation if the deceased interfered or in any way attempted to prevent him from seeing his wife, and that while defendant was making such effort to see his wife, the deceased interfered and that such interference brought on the occasion that resulted in the defendant killing the deceased and that the acts above referred to on the part of the deceased brought about the necessity for such killing, and that the defendant acted in his own self-defense as that term is defined to you in the general charge in killing the deceased, you will find the defendant not guilty."

If the special charge had been in accord with the evidence it would have been proper for the court to have told the jury that the appellant had a right to seek an interview and reconciliation with his wife, but the assumption in the charge that there was some interference on the part of deceased, we think, is not warranted further than that submitted to the jury in the main charge, that if deceased made a demonstration, or, if viewing it from his standpoint, defendant so believed, his action thereon was justifiable.

One of appellant's bills complains of the refusal of the court to allow

him to prove by the witness Duncan, that in his observation of the relations between appellant and his wife they appeared pleasant. The court in his qualification of this bill states that at the time the evidence was offered its relevancy did not appear from the evidence, and that in sustaining the objection he stated that he would do so for the present, and that it was not subsequently offered. As explained, we are of the opinion that there is no error shown, granting the admissibility of the evidence. The time inquired about is not accurately referred to, and it is undisputed that the appellant did have a difficulty with his wife and afterwards quit her. That their relations may have been pleasant at other times, while doubtless an admissible circumstance in appellant's favor, its exclusion under the circumstances is not, we think, reversible error.

We will add, that as the record comes here it does not appear that any of the bills of exception were filed by the district clerk. This is possibly an oversight in the preparation of the transcript, and for that reason we have reviewed the bills. If, as a matter of fact, they were not filed the point made by the State that they should not be considered is well taken.

Finding no reversible error in the record, it is ordered that the judgment of the District Court be affirmed.

*Affirmed.*